RECEIPT # 53613
AMOUNT $ 150.00
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tim Abood
DATE 2/6/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. O'LOUGHLIN )<br>     Plaintiff )<br> )<br>v. )<br> )<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY )<br>And )<br>ANNE McCALL )<br>And )<br>MICHAEL MULHERN )<br>     Defendants )<br>_____ ) | C.A. No. _____<br><br>04-10257 MEL<br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Introduction**

1. This is an action under MGL Chapter 151B, 42 USC Section 2000e, 42 USC Section 1983, and MGL Chapter 12 Section 11, for unlawful retaliation and interference with protected rights. Claims are also asserted for intentional interference with contractual relationships, intentional interference with advantageous relationships and unfair business practices in violation of MGL Chapter 93A. The action is brought by Plaintiff Thomas J. O'Loughlin ("Chief O'Loughlin"), former Chief of the Massachusetts Bay Transportation Authority ("MBTA") Police Department. Chief O'Loughlin asserts that after he left his position as Chief of the MBTA Police Department, he was improperly refused permission to work at the MBTA Police Academy teaching a course about Sudden Infant Death Syndrome ("SIDS"), in which he is an expert, and which he had previously taught. Anne McCall ("McCall") had been one of Chief O'Loughlin's subordinate officers while he was Chief, and was responsible at all times relevant to this Complaint, for the administration of the MBTA Police Academy. Michael Mulhern ("Mulhern") was the General Manager of the MBTA while Chief O'Loughlin was the Chief of the MBTA Police Department. McCall and Mulhern were responsible for improperly preventing Chief O'Loughlin from teaching the SIDS course. The actions of McCall and Mulhern (for which the MBTA is responsible) were taken against Chief O'Loughlin for malicious and retaliatory reasons, due to the knowledge held by McCall and Mulhern that it was of great importance to Chief O'Loughlin for personal and professional reasons, to continue teaching the SIDS Training course.

1

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC Section 2000e-5, 28 USC Section 1343, and 28 USC Section 1367 (supplemental jurisdiction).

3. Venue in this District Court is proper because the illegal actions complained of herein occurred in Boston, Suffolk County, Massachusetts.

4. On April 17, 2003 Chief O'Loughlin filed a timely charge of illegal retaliation with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

5. In October 2003 Chief O'Loughlin requested that his charges of discrimination pending at the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission be withdrawn to allow him to file suit in court. Those requests have been granted. On November 7, 2003 a Right to Sue Letter was issued by the U.S. Equal Employment Opportunity Commission in this matter. The Right to Sue letter was received by Chief O'Loughlin on or after November 10, 2003. A copy of the Right to Sue Letter is appended to this Complaint. Plaintiff has exhausted his administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Thomas J. O'Loughlin is a resident of Holliston, Middlesex County, Massachusetts.

7. Defendant Massachusetts Bay Transportation Authority ("MBTA") is a political subdivision of the Commonwealth of Massachusetts pursuant to MGL Chapter 161A section 2, with a principal place of business in Boston, Suffolk County, Massachusetts. It was Plaintiff's "employer" within the meaning of MGL Chapter 151B section 5, and a "person" within the meaning of MGL Chapter 151B section 4. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 USC Section 2000e, was engaged in an industry affecting commerce within the meaning of 42 USC Section 2000e, and in all other respects met all of the requirements for coverage under 42 USC Section 2000e. It is responsible for the illegal actions of Defendant Anne McCall and Defendant Michael Mulhern set forth herein.

8. Defendant Anne McCall is an individual residing in East Walpole, Massachusetts. At all times relevant to this Complaint, she was a Deputy Chief of the MBTA Police Department, was one of Plaintiff's subordinates while he was Chief of the MBTA Police Department, and engaged in all of the illegal and retaliatory actions alleged in this Complaint. Ms. McCall is sued in her individual capacity.

9. Defendant Michael Mulhern is an individual residing in Walpole, Massachusetts. At all times relevant to this Complaint, he was the General Manager of the MBTA, and engaged in all of the illegal and retaliatory actions alleged in this Complaint. Mr. Mulhern is sued in his individual capacity.

**Factual Background**

10. Thomas J. O'Loughlin has served as a Chief of Police in the Commonwealth of Massachusetts for over seventeen years, and as a police official for more than 20 years. He has also been a member in good standing of the Massachusetts Bar since 1990.

11. In August 2002, Chief O'Loughlin voluntarily resigned his position as the MBTA Chief of Police to assume his current position as Chief of Police for the Town of Milford. By agreement with the MBTA, he continued in the employ of the MBTA until October 20, 2002. During this period of time, Chief O'Loughlin was scheduled to teach the SIDS Training Course, "Investigation of Infant and Child Deaths with Compassion and Understanding" (referred to hereafter as "SIDS Training") at the MBTA Police Academy. Chief O'Loughlin was scheduled by the Commander of the MBTA Police Academy to serve as an instructor and teach the SIDS Training at the MBTA Police Academy on January 2, 2003.

12. Chief O'Loughlin has taught SIDS courses for more than ten years in every Police Academy in Massachusetts, including the MBTA Police Academy. He has participated in providing SIDS training to more than 6000 police officers in Massachusetts, and has served as an instructor in teaching such courses in other venues as well. For many years he has had a personal and professional commitment to providing SIDS Training to police officers.

13. During 2001 and at other time periods, Chief O'Loughlin provided the MBTA Office of Organizational Diversity and General Manager Mulhern with written statements indicating that Deputy Police Chief McCall had engaged in a campaign and pattern of retaliatory conduct toward another MBTA Police Officer, Officer Helder Peixoto, because Officer Peixoto had filed complaints of discrimination and retaliation with the MBTA Office of Organizational Diversity.

14. On October 29, 2002, counsel for the MBTA was given notice that Officer Peixoto would be filing a lawsuit regarding his claims against the MBTA and Deputy McCall. Counsel for the MBTA was also informed at this time that Officer Peixoto would be relying upon testimony and written evidence supplied by Chief O'Loughlin in order to prove his claims. It was implicit in the notice provided to Counsel for the MBTA that Chief O'Loughlin would be subpoenaed to testify as a witness on behalf of Officer Peixoto in Officer Peixoto's lawsuit, and that Chief O'Loughlin's testimony would be adverse to the MBTA, the MBTA Police Department and Deputy McCall. It is Plaintiff's belief that the MBTA, Michael Mulhern and Deputy McCall were promptly informed of the information transmitted to Counsel for the MBTA.

15. On October 31, 2002, two days after the MBTA was given the information referred to in paragraph 14 above, and presumably after Defendants Mulhern and McCall were given this information as well, so that they knew that Chief O'Loughlin would be an adverse witness to them in a discrimination and retaliation lawsuit, Deputy McCall cancelled Chief O'Loughlin's service as an instructor at the MBTA Police Academy teaching the SIDS Training. Chief O'Loughlin was told by the staff of the MBTA Police Academy that he would not be teaching the SIDS Training Course on January 2, 2003. The Academy staff also told Chief O'Loughlin that when they had informed Deputy McCall that Chief O'Loughlin was an expert on the SIDS material, she screamed at them and stated in vulgar language that Chief O'Loughlin "is not setting foot in my Academy and that is final."

16. As a result of the cancellation of Chief O'Loughlin's services as an Instructor at the MBTA Police Academy, he was prevented from earning a salary of $35.00 per hour for four hours for a total of $140.00, on the January 2003 date as well as on all dates after that on which he would have taught the SIDS course at the MBTA Academy. The salary would have been paid by the MBTA. Chief O'Loughlin reasonably believed and expected that he would teach the SIDS Training course at the MBTA Police Academy in January 2003 and thereafter.

17. In response to what he felt was the improper termination of his services as an Instructor, on October 31, 2002 Chief O'Loughlin contacted William Fleming, the Acting Chief of Police for the MBTA Police Department, and explained the situation. Acting Chief Fleming stated that he believed Deputy McCall was acting in a retaliatory manner.

18. On November 18, 2002 Acting Chief of Police Fleming reversed the decision of Deputy Chief McCall, and reinstated Chief O'Loughlin to his position teaching the SIDS Training at the MBTA Police Academy in January 2003.

19. At the request of Deputy McCall, two MBTA Police Association union representatives contacted MBTA General Manager Michael Mulhern to ask him to overturn the decision of Acting Chief Fleming to allow Chief O'Loughlin to teach the SIDS Training.

20. Deputy McCall individually contacted MBTA General Manager Michael Mulhern to ask him to overturn the decision of Acting Chief Fleming to allow Chief O'Loughlin to teach the SIDS Training.

21. On or about December 13, 2002 MBTA General Manager Michael Mulhern contacted Acting Chief of Police William Fleming and directed him to advise Chief O'Loughlin that he (Chief O'Loughlin) would not be allowed to teach at the MBTA Police Academy. General Manager Mulhern also contacted Deputy McCall to let her know of his actions, and Deputy McCall in turn contacted the staff of the MBTA Police

4

Academy. She stated to them that "O'Loughlin's not teaching, that is final from the GM, he is not going to set a fucking foot into my academy."

22. On December 13, 2002 Acting Chief of Police William Fleming informed Chief O'Loughlin that his work as an Instructor of the SIDS Training had been cancelled, and that he could not supply a detailed explanation for the cancellation.

23. Later in December 2002, Acting Chief of Police William Fleming again contacted Chief O'Loughlin regarding the cancellation of Chief O'Loughlin's teaching position at the MBTA Police Academy. Acting Chief Fleming stated that he had been told by General Manager Michael Mulhern not to provide Chief O'Loughlin with any reasons for the cancellation decision. He also stated that Deputy Chief McCall had said that she would cancel the mandatory SIDS Training at the MBTA Police Academy.

24. During this same time period, staff at the MBTA Police Academy were told by Deputy McCall that she would rather forego this mandatory course of instruction at the Academy than have it taught by Chief O'Loughlin. Indeed, Deputy McCall cancelled the SIDS Training scheduled for January 2, 2003 at the MBTA Police Academy.

25. In January 2003 Deputy McCall was informed that MBTA recruit officers were required to have SIDS Training in order to graduate from the MBTA Police Academy. In response, she had Academy staff contact an instructor at the Massachusetts SIDS Center, Ms. Mary McClain. When Ms. McClain stated that the Academy should contact Chief O'Loughlin to teach the course, the Academy staff stated (on instructions from Deputy McCall) that Chief O'Loughlin was tied up and not available to teach the course. This was false

26. Chief O'Loughlin has not been allowed to teach the SIDS Training course at the MBTA Police Academy.

27. The actions of Defendants referred to above have caused Chief O'Loughlin financial harm, damage to his reputation, and emotional pain and suffering.

28. The actions of Defendants referred to above were knowing, intentional and willful.

29. In relation to his actions set forth above, Chief O'Loughlin believed in good faith that the MBTA and Deputy McCall had engaged in wrongful discrimination and retaliation against Officer Peixoto.

30. In taking the actions referred to above, Chief O'Loughlin engaged in protected activity pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e. As a result of engaging in protected activity he suffered an adverse action which was causally related to his having engaged in protected activity.

31. In taking the actions referred to above, Chief O'Loughlin was opposing practices prohibited by MGL Chapter 151B and 42 U.S. Code section 2000e, and has assisted another person in asserting their rights under MGL Chapter 151B and 42 U.S. Code section 2000e.

32. Through their actions set forth above, Defendants have coerced, intimidated, threatened and interfered with Chief O'Loughlin in relation to his exercise and enjoyment of his rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e, and have done so for his having aided and encouraged another person in his exercise and enjoyment of rights granted pursuant to MGL Chapter 151B and 42 U.S. Code section 2000e.

33. The actions taken by Defendants of which Chief O'Loughlin complains, were taken against Chief O'Loughlin due to his opposition to practices forbidden by MGL Chapter 151B and 42 U.S. Code section 2000e.

## Count I-Against MBTA, Mulhern and McCall for Retaliation in Violation of MGL Chapter 151B

34. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-33 above.

35. By their actions set forth above, Defendants MBTA, Mulhern and McCall have engaged in unlawful retaliation against Chief O'Loughlin for having engaged in protected activities, and have interfered with Chief O'Loughlin's exercise of his protected rights, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendants MBTA, Mulhern and McCall, jointly and severally, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, and attorneys fees, that the MBTA be ordered to allow Chief O'Loughlin to teach the SIDS Training course at the MBTA Police Academy, and such other and further relief that this Court deems just and proper.

## Count II-Against MBTA for Retaliation in Violation of 42 USC Section 2000e

36. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-35 above.

37. By its actions set forth above, Defendant MBTA has engaged in unlawful retaliation against Chief O'Loughlin for having engaged in protected activities, and has interfered with Chief O'Loughlin's exercise of his protected rights, in violation of 42 US Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant MBTA, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, and attorneys fees, that the MBTA be ordered to allow Chief O'Loughlin to teach the SIDS Training course at the MBTA Police Academy, and such other and further relief that this Court deems just and proper.

### Count III-Against McCall for Violation of 42 USC Section 1983

38. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-37 above.

39. In relation to the illegal and retaliatory actions set forth above which were taken in her position as Deputy Chief of the MBTA Police Department and as an administrator of the MBTA Police Academy, Defendant McCall was acting under color of state law in depriving Plaintiff of his rights under federal law to be free of retaliation for having engaged in protected activities. Defendant McCall's actions in violation of 42 USC Section 1983 set forth herein, have caused injury to Plaintiff, in the form of financial and emotional damages.

40. Defendant McCall's actions in violation of 42 USC Section 1983 set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant McCall is directly and personally responsible for her unlawful conduct, and was personally involved in committing the unlawful conduct.

41. By her actions set forth herein, Defendant McCall has, while acting under color of state law, deprived Plaintiff of his rights and privileges under federal laws, in violation of 42 USC Section 1983.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant McCall, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## Count IV-Against Mulhern for Violation of 42 USC Section 1983

42. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-41 above.

43. In relation to the illegal and retaliatory actions set forth above which were taken in his position as General Manager of the MBTA, Defendant Mulhern was acting under color of state law in depriving Plaintiff of his rights under federal law to be free of retaliation for having engaged in protected activities. Defendant Mulhern's actions in violation of 42 USC Section 1983 set forth herein, have caused injury to Plaintiff, in the form of financial and emotional damages.

44. Defendant Mulhern's actions in violation of 42 USC Section 1983 set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant Mulhern is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

45. By his actions set forth herein, Defendant Mulhern has, while acting under color of state law, deprived Plaintiff of his rights and privileges under federal laws, in violation of 42 USC Section 1983.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant Mulhern, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## Count V-Against McCall for Violation of MGL Chapter 12 section 11H

46. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-45 above.

47. In relation to the illegal and retaliatory actions set forth above which were taken in her position as Deputy Chief of the MBTA Police Department and as an administrator of the MBTA Police Academy, Defendant McCall was acting under color of state law in depriving Plaintiff of his rights under state and federal law to be free of retaliation for having engaged in protected activities. Defendant McCall's actions in violation of MGL Chapter 12 section 11H set forth herein, have caused injury to Plaintiff, in the form of financial and emotional damages. By her actions, Defendant McCall has attempted to interfere by threats, intimidation and coercion with Plaintiff's rights under federal and state law, in violation of MGL Chapter 12 sections 11I and 11H.

48. Defendant McCall's actions in violation of MGL Chapter 12 sections 11I and 11H set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant McCall is directly and personally responsible for her unlawful conduct, and was personally involved in committing the unlawful conduct.

49. By her actions set forth herein, Defendant McCall has, while acting under color of state law, attempted though threats, intimidation and coercion to deprive Plaintiff of his rights and privileges under state and federal laws, in violation of MGL Chapter 12 sections 11I and 11H.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant McCall, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VI-Against Mulhern for Violation of MGL Chapter 12 section 11I

50. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-49 above.

51. In relation to the illegal and retaliatory actions set forth above which were taken in his position as General Manager of the MBTA, Defendant Mulhern was acting under color of state law in depriving Plaintiff of his rights under state and federal law to be free of retaliation for having engaged in protected activities. Defendant Mulhern's actions in violation of MGL Chapter 12 section 11H set forth herein, have caused injury to Plaintiff, in the form of financial and emotional damages. By his actions, Defendant Mulhern has attempted to interfere by threats, intimidation and coercion with Plaintiff's rights under federal and state law, in violation of MGL Chapter 12 sections 11I and 11H.

52. Defendant Mulhern's actions in violation of MGL Chapter 12 sections 11I and 11H set forth herein, were done intentionally, knowingly and willfully, with knowledge of their wrongfulness. Defendant Mulhern is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

53. By his actions set forth herein, Defendant Mulhern has, while acting under color of state law, attempted though threats, intimidation and coercion to deprive Plaintiff of his rights and privileges under state and federal laws, in violation of MGL Chapter 12 sections 11I and 11H.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant Mulhern, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and

suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VII-Against Mulhern for Intentional Interference with Contractual Relationships

54. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-53 above.

55. By his actions set forth above, Defendant Mulhern has intentionally interfered with Chief O'Loughlin's contractual relationships, causing him to suffer damages. Chief O'Loughlin had an express oral agreement with the MBTA that he would be teaching the SIDS Training course at the MBTA Police Academy at least in January 2003, Mulhern knowingly induced the MBTA to breach its agreement with Chief O'Loughlin by acting to prevent him from teaching the SIDS Training course at the MBTA Police Academy, Mulhern's actions were based upon his dislike of Chief O'Loughlin for Chief O' Loughlin having engaged in the protected activities referred to above, all of which has caused Chief O'Loughlin to suffer damages.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant Mulhern, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count VIII-Against Mulhern for Intentional Interference with Contractual Relationships

56. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-55 above.

57. By her actions set forth above, Defendant McCall has intentionally interfered with Chief O'Loughlin's contractual relationships, causing him to suffer damages. Chief O'Loughlin had an express oral agreement with the MBTA that he would be teaching the SIDS Training course at the MBTA Police Academy at least in January 2003, McCall knowingly induced the MBTA to breach its agreement with Chief O'Loughlin by acting to prevent him from teaching the SIDS Training course at the MBTA Police Academy, McCall's actions were based upon her dislike of Chief O'Loughlin for Chief O' Loughlin having engaged in the protected activities referred to above, all of which has caused Chief O'Loughlin to suffer damages.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant McCall, in an amount to be determined by this Court, including monies to

compensate him for lost pay, lost benefits, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count IX-Against Mulhern for Intentional Interference with Advantageous Relationships

58. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-57 above.

59. By his actions set forth above, Defendant Mulhern has intentionally interfered with Chief O'Loughlin's advantageous relationships, causing him to suffer damages. Chief O'Loughlin had a reasonable expectation of being employed by the MBTA to teach the SIDS Training course at the MBTA Police Academy after January 2003, Mulhern knowingly induced the MBTA to refuse to employ Chief O'Loughlin to teach the SIDS Training course at the MBTA Police Academy after January 2003, Mulhern's actions were based upon his dislike of Chief O' Loughlin for Chief O' Loughlin having engaged in the protected activities referred to above, all of which has caused Chief O'Loughlin to suffer damages.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant Mulhern, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

### Count X-Against McCall for Intentional Interference with Advantageous Relationships

60. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-59 above.

61. By her actions set forth above, Defendant McCall has intentionally interfered with Chief O'Loughlin's advantageous relationships, causing him to suffer damages. Chief O'Loughlin had a reasonable expectation of being employed by the MBTA to teach the SIDS Training course at the MBTA Police Academy after January 2003, NcCall knowingly induced the MBTA to refuse to employ Chief O'Loughlin to teach the SIDS Training course at the MBTA Police Academy after January 2003, McCall's actions were based upon her dislike of Chief O'Loughlin for Chief O' Loughlin having engaged in the protected activities referred to above, all of which has caused Chief O'Loughlin to suffer damages.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant McCall, in an amount to be determined by this Court, including monies to

compensate him for lost pay, lost benefits, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## Count XI-Against the MBTA for Violation of MGL Chapter 93A

62. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-61 above.

63. Defendants have claimed in the administrative proceedings related to this complaint that Chief O'Loughlin was not protected from retaliatory actions, as he was not an employee of the MBTA at the time of the events he has complained of, and that he is not entitled to protection from retaliation as a former employee. Rather, they claim that in relation to his anticipated work at the MBTA Police Academy, Chief O'Loughlin was an independent contractor and not an employee. As such, Chief O'Loughlin is entitled to the protections of MGL Chapter 93A prohibiting unfair and deceptive business practices.

64. The MBTA, by terminating its agreement to have Chief O'Loughlin teach the SIDS Training course at the MBTA Police Academy in January 2003, and by refusing to have Chief O'Loughlin teach the SIDS Training course at the MBTA Police Academy after January 2003, based upon the fact that Chief O'Loughlin engaged in the protected activities referred to in this complaint, has engaged in unfair business practices in violation of MGL Chapter 93A section 11.

WHEREFORE, Plaintiff demands that this Court enter judgment in his favor and against Defendant MBTA, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, treble damages, interest, costs, and attorneys fees, that the MBTA be ordered to allow Chief O'Loughlin to teach the SIDS Training course at the MBTA Police Academy, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE.

Thomas J. O'Loughlin
By his attorney,
MITCHELL J. NOTIS

_____   2/6/04
MITCHELL J. NOTIS
Law Offices of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700
BBO# 374360

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Thomas J. O'Loughlin<br>25 Holly Lane<br>Holliston, MA 01746 | **From:** Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-01470 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_
Robert L. Sanders,
Director

NOV 7 2003
(Date Mailed)

Enclosure(s)

| | |
|---|---|
| cc: **Chief Executive Officer**<br>MBTA, ET AL<br>Legal Department<br>10 Park Plaza<br>Boston, MA. 02116 | **Mitchell Jay notis**<br>Annenberg & Levine, LLC<br>Attorneys at Law<br>370 Washington Street<br>Brookline, Massachusetts 02446 |