**E N D O R S E M E N T**

THOMAS J. O'LOUGHLIN v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, ANNE McCALL, and MICHAEL MULHERN
04-CV-10257-MEL

LASKER, D.J.

    Defendants Massachusetts Bay Transportation Authority ("MBTA"), Anne McCall ("McCall") and Michael Mulhern ("Mulhern") move to dismiss all counts of Thomas J. O'Loughlin's ("O'Loughlin") Complaint. The motions of the MBTA and the individual defendants will be addressed in turn.

    The MBTA moves to dismiss: (1) Count I, alleging a violation of M.G.L. c. 151B, (2) Count II, alleging a violation of 42 U.S.C. §2000e, and (3) Count XI, alleging a violation of M.G.L. c. 93A.

    The motion to dismiss Count I is DENIED. M.G.L. c. 151B is not so broad as to include independent contractors as protected "employees". Comey v. Hill, 387 Mass. 11, 15 (1982). No Massachusetts majority decision has directly addressed the question of whether a former employee is covered under c. 151B for protected acts occurring after his employment has ended. However, a more expansive reading of c. 151B, as articulated by Justice Sosman's concurring opinion in Stonehill College v. Massachusetts Com'n Against Discrimination, 441 Mass. 549, 579 (2004), rests on sound policy considerations. Exclusion of former employees from the protections of c. 151B could undermine the statute's effectiveness. Given the context and primary purpose of c. 151B, it is appropriate that former employees be included within its scope.

    The motion to dismiss Count II is DENIED because the Supreme Court has held that former employees are "employees" protected against retaliation under Title VII. Robinson v. Shell Oil Co., 117 S.Ct. 843, 848-49 (1997). O'Loughlin, as the former MBTA Chief of Police, is therefore protected under Title VII regardless of his potential status as an independent contractor.

    The motion to dismiss Count XI is DENIED. It is unclear whether O'Loughlin had a valid contractual agreement with the MBTA to continue teaching after his retirement, or whether he was a prospective independent contractor with a mere expectancy of teaching. This question can best be resolved after discovery, and granting the motion to dismiss at this time would therefore be premature.

McCall and Mulhern move to dismiss: (1) Count I, alleging a violation of M.C.L. c. 151B, (2) Counts III and VI, alleging a violation of 42 U.S.C. § 1983, (3) Counts V and VI, alleging a violation of M.G.L. c. 12 § 11H, and (4) Counts VII, VIII, IX and X, alleging intentional interference with contractual and advantageous relationships.

The motion to dismiss Count I against the individual defendants is DENIED for the same reasons as outlined above with respect to the MBTA.

The motion to dismiss Counts III and IV is GRANTED because it is well established that Title VII reaches only the actual employer, and does not provide for individual liability. See, e.g., Horney v. Westfield Gage Co., 95 F.Supp.2d 29, 32-33 (D.Mass. 2000).

The motion to dismiss Courts V and VI is GRANTED. Since O'Loughlin's claims under M.G.L. c. 151B survive, he cannot assert a duplicative claim under the Massachusetts Civil Rights Act ("MCRA") to recover for the same alleged harms. See Bergeson v. Franchi, 783 F.Supp. 713, 721 (D.Mass. 1992); Kuketz v. MDC Fitness Corp., 1998 WL 1119863 at *3 (Mass. Supp. Aug. 10, 1998). Moreover, O'Loughlin's factual allegations are insufficient to satisfy the prerequisites of the MCRA, because he does not allege actions by McCall or Mulhern amounting to threats, intimidation or coercion. Mulhern and McCall's termination of O'Loughlin was not intended to make O'Loughlin fearful, and from the facts alleged it appears that they were simply retaliating against O'Loughlin for his potentially adverse testimony, not attempting to deter or constrain him against testifying.

The motion to dismiss Counts VII through X is DENIED. O'Loughlin has adequately alleged that McCall's and Mulhern's conduct was improper in its motive or means and rises to the level of actual malice because it was motivated by a "spiteful, malignant purpose" unrelated to legitimate business interests. Shea v. Emmanuel College, 425 Mass. 761, 764 (1997). Rather than being motivated by mere personal dislike of O'Loughlin, McCall and Mulhern may have intended to harm O'Loughlin by denying him the opportunity to teach a course of great personal importance.

Accordingly, the MBTA's motion to dismiss is DENIED; McCall and Mulhern's motion to dismiss is DENIED with respect to Counts I, VII, VIII, IX, X, and GRANTED with respect to Counts III, IV, V, and VI.

It is so ordered.

Dated:   December 22, 2004
         Boston, Massachusetts      /s/ Morris E. Lasker
                                         U.S.D.J.