UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
THOMAS J. O'LOUGHLIN,           )
                                )
                  Plaintiff     )
                                )
v.                              )
                                )   C.A. No. 04-10257 MEL
MASSACHUSETTS BAY               )
TRANSPORTATION AUTHORITY        )
and                             )
ANNE McCALL                     )
and                             )
MICHAEL MULHERN,                )
                                )
                  Defendant     )
_____)
```

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ANNE McCALL

Defendant Anne McCall ("McCall") responds to the Complaint filed by Plaintiff Thomas J. O'Loughlin ("Plaintiff"), as follows:

### FIRST DEFENSE

**INTRODUCTION**

1. The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them. McCall admits that Plaintiff asserts the claims listed in the second sentence of Paragraph 1 but denies that these claims have merit and further states that the Court dismissed some of these claims in its order dated December 22, 2004. McCall admits the allegations contained in the third sentence of Paragraph 1. McCall admits that Plaintiff had previously taught a course about Sudden Infant Death Syndrome ("SIDS") but denies the remaining allegations contained in the fourth sentence of Paragraph 1. McCall admits the allegations contained in the fifth sentence of Paragraph 1, but says that the phrase "at all times relevant to this Complaint" is undefined, and is

therefore vague and ambiguous. McCall admits the allegations contained in the sixth sentence of Paragraph 1. McCall denies the allegations contained in the seventh and eighth sentences of Paragraph 1.

**JURISDICTION AND VENUE**

2.      The allegations contained in Paragraph 2 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them. Further answering, McCall says that she has challenged supplemental jurisdiction in a Motion to Dismiss, but that the Court has rejected that argument at this point in the proceedings.

3.      In response to the allegations contained in Paragraph 3, McCall admits that venue is proper in Suffolk County. McCall denies that any illegal actions occurred in Suffolk County, or elsewhere.

4.      McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies them.

5.      McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

**THE PARTIES**

6.      McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies them.

7.      Answering Paragraph 7, McCall admits that Defendant Massachusetts Bay Transportation Authority ("MBTA") is an authority of the Commonwealth of Massachusetts and that its principal place of business is located in Boston, Suffolk County, Massachusetts. The remaining allegations contained in Paragraph 7 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them. Further answering,

McCall says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous.

8.      McCall admits the allegations contained in the first sentence of Paragraph 8. McCall admits that she has been a Deputy Chief of the MBTA Police Department since a point in time and states that she reported to Plaintiff while Plaintiff was Chief of the MBTA Police Department, but denies all remaining allegations contained in the second sentence of Paragraph 8. Further answering, McCall says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 8 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them.

9.      McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 9, and therefore denies them. McCall admits that Defendant Michael Mulhern has been the General Manager of the MBTA since a point in time, but denies all remaining allegations contained in the second sentence of Paragraph 9. Further answering, McCall says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 9 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them.

**FACTUAL BACKGROUND**

10.     McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies them.

11.     McCall admits the allegations contained in the first sentence of Paragraph 11. McCall lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies them.

12.     McCall admits that Plaintiff has taught SIDS courses for the MBTA Police Academy, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies them.

13.     McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14.     McCall admits that at some point in time, she learned that Officer Helder Peixoto had filed a lawsuit against her and the MBTA.  Further answering, McCall states that the first time she learned that Officer Peixoto would rely upon testimony and written evidence supplied by Plaintiff to prove his claims against the MBTA and McCall was when McCall received this Complaint.  McCall denies the remaining allegations contained in Paragraph 14.

15.     McCall admits that in or about September 2002, the MBTA decided to cancel Plaintiff's service as an instructor at the MBTA Policy Academy to teach a SIDS course, but denies that she had any awareness at the time that the Plaintiff would be a witness in the Peixoto matter, and denies the remaining allegations contained in the first sentence of Paragraph 15.  McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15, and therefore denies them.  McCall denies the allegations contained in the third sentence of Paragraph 15.

16.     McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies them.

17.     McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18.     McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19. McCall denies the allegations contained in Paragraph 19.

20. McCall denies the allegations contained in Paragraph 20.

21. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 21, and therefore denies them. McCall denies the allegations contained in the second and third sentences of Paragraph 21.

22. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 23, and therefore denies them. McCall denies the allegations contained in the third sentence of Paragraph 23.

24. McCall denies the allegations contained in Paragraph 24.

25. McCall denies the allegations contained in the first two sentences of Paragraph 25. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences of Paragraph 25, and therefore denies them.

26. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies same.

27. McCall denies the allegations contained in Paragraph 27.

28. McCall denies the allegations contained in Paragraph 28.

29. McCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30. The allegations contained in the first sentence of Paragraph 30 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them. McCall denies the allegations in the second sentence of paragraph 30.

31.     The allegations contained in Paragraph 31 are legal conclusions to which no response is required, but to the extent a response is required, McCall denies them.

32.     McCall denies the allegations contained in paragraph 32.

33.     McCall denies the allegations contained in Paragraph 33.

**COUNT I     AGAINST MBTA, MULHERN AND McCALL FOR RETALIATION IN VIOLATION OF MGL CHAPTER 151B**

34.     McCall repeats and reasserts all responses to Paragraphs 1 through 33 as if they were stated in full herein.

35.     McCall denies the allegations contained in Paragraph 35.

**COUNT II     AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC SECTION 2000e**

36.     McCall repeats and reasserts all responses to Paragraphs 1 through 35 as if they were stated in full herein.

37.     The allegations contained in Paragraph 37 are not directed to McCall, and no response is therefore appropriate from her.

**COUNT III     AGAINST McCALL FOR VIOLATION OF 42 USC SECTION 1983**

38.     McCall repeats and reasserts all responses to Paragraphs 1 through 37 as if they were stated in full herein.

39.     No response is required because the Court dismissed this Count.

40.     No response is required because the Court dismissed this Count.

41.     No response is required because the Court dismissed this Count.

**COUNT IV     AGAINST MULHERN FOR VIOLATION OF 42 USC SECTION 1983**

42.     McCall repeats and reasserts all responses to Paragraphs 1 through 41 as if they were stated in full herein.

43. No response is required because the Court dismissed this Count.

44. No response is required because the Court dismissed this Count.

45. No response is required because the Court dismissed this Count.

**COUNT V    AGAINST McCALL FOR VIOLATION OF MGL CHAPTER 12 SECTION 11H**

46. McCall repeats and reasserts all responses to Paragraphs 1 through 45 as if they were stated in full herein.

47. No response is required because the Court dismissed this Count.

48. No response is required because the Court dismissed this Count.

49. No response is required because the Court dismissed this Count.

**COUNT VI   AGAINST MULHERN FOR VIOLATION OF MGL CHAPTER 12 SECTION 11H**

50. McCall repeats and reasserts all responses to Paragraphs 1 through 49 as if they were stated in full herein.

51. No response is required because the Court dismissed this Count.

52. No response is required because the Court dismissed this Count.

53. No response is required because the Court dismissed this Count.

**COUNT VII  AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**

54. McCall repeats and reasserts all responses to Paragraphs 1 through 53 as if they were stated in full herein.

55. The allegations contained in Paragraph 55 are not directed to McCall, and no response is therefore appropriate from her.

**COUNT VIII  AGAINST [McCALL] FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**[1]

56.     McCall repeats and reasserts all responses to Paragraphs 1 through 55 as if they were stated in full herein.

57.     McCall denies the allegations contained in Paragraph 57.

**COUNT IX   AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

58.     McCall repeats and reasserts all responses to Paragraphs 1 through 57 as if they were stated in full herein.

59.     The allegations contained in Paragraph 59 are not directed to McCall, and no response is therefore appropriate from her.

**COUNT X    AGAINST McCALL FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

60.     McCall repeats and reasserts all responses to Paragraphs 1 through 59 as if they were stated in full herein.

61.     McCall denies the allegations contained in Paragraph 61.

---

[1] Although Count VIII is entitled "Against Mulhern for Intentional Interference with Contractual Relationships", McCall assumes that Plaintiff intended this Count to apply as to McCall and responds to this Count accordingly.

**COUNT XI   AGAINST THE MBTA FOR VIOLATION OF MGL CHAPTER 93A**

62. McCall repeats and reasserts all responses to Paragraphs 1 through 61 as if they were stated in full herein.

63. The allegations contained in Paragraph 63 are not directed to McCall, and no response is therefore appropriate from her.

64. The allegations contained in Paragraph 64 are not directed to McCall, and no response is therefore appropriate from her.

**SECOND DEFENSE**

65. The Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**THIRD DEFENSE**

66. Plaintiff was not an "employee" under M.G.L. Chapter 151B.

**FOURTH DEFENSE**

67. Plaintiff cannot demonstrate or properly allege actual malice sufficient to state a claim that McCall interfered with contractual or business relations.

## **OTHER DEFENSES**

McCall reserves the right to assert other defenses based on information learned during discovery.

ANNE McCALL

By her attorneys,

s/ Joan A. Lukey
Joan A. Lukey (BBO #307340)
Gregory M. Reiser (BBO # pending)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Date:  January 26, 2005

**CERTIFICATE OF SERVICE**

    I, Joan A. Lukey, Esq., hereby certify that on this 26th day of January, 2005, I caused a true copy of the above document to be served upon Mitchell J. Notis, counsel for the plaintiff, 370 Washington Street, Brookline, MA 02445 by hand delivery, and upon Mary M. Logalbo, counsel for defendant Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974 by facsimile and first class mail.

                                            s/ Joan A. Lukey
                                            Joan A. Lukey

US1DOCS 4938510v1