UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS J. O'LOUGHLIN, | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. 04-10257 MEL |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and ANNE McCALL and MICHAEL MULHERN, | ) | |
| Defendant | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MICHAEL MULHERN

Defendant Michael Mulhern ("Mulhern") responds to the Complaint filed by Plaintiff Thomas J. O'Loughlin ("Plaintiff"), as follows:

### FIRST DEFENSE

**INTRODUCTION**

1.   The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Mulhern admits that Plaintiff asserts the claims listed in the second sentence of Paragraph 1 but denies that these claims have merit and further states that the Court dismissed some of these claims in its order dated December 22, 2004.  Mulhern admits the allegations contained in the third sentence of Paragraph 1.  Mulhern admits that Plaintiff had previously taught a course about Sudden Infant Death Syndrome ("SIDS") but denies the remaining allegations contained in the fourth sentence of Paragraph 1.  Mulhern admits the allegations contained in the fifth sentence of Paragraph 1, but says that the phrase "at all times relevant to this Complaint" is

undefined, and is therefore vague and ambiguous. Mulhern admits the allegations contained in the sixth sentence of Paragraph 1. Mulhern denies the allegations contained in the seventh and eighth sentences of Paragraph 1.

**JURISDICTION AND VENUE**

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Further answering, Mulhern says that he has challenged supplemental jurisdiction in a Motion to Dismiss, but that the Court has rejected that argument at this point in the proceedings.

3. In response to the allegations contained in Paragraph 3, Mulhern admits that venue is proper in Suffolk County. Mulhern denies that any illegal actions occurred in Suffolk County, or elsewhere.

4. Mulhern admits that Plaintiff filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission on or about April 17, 2003 but denies the remaining allegations contained in Paragraph 4.

5. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

**THE PARTIES**

6. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies them.

7. Answering Paragraph 7, Mulhern admits that Defendant Massachusetts Bay Transportation Authority ("MBTA") is an authority of the Commonwealth of Massachusetts and that its principal place of business is located in Boston, Suffolk County, Massachusetts. The

remaining allegations contained in Paragraph 7 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Further answering, Mulhern says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous.

8.  Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8, and therefore denies them. Mulhern admits that Defendant Anne McCall ("McCall") has been a Deputy Chief of the MBTA Police Department since a point in time and states, on information and belief, that he believes McCall reported to Plaintiff while Plaintiff was Chief of the MBTA Police Department, but denies all remaining allegations contained in the second sentence of Paragraph 8. Further answering, Mulhern says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 8 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them.

9.  Mulhern admits the allegations contained in the first sentence of Paragraph 9. Mulhern admits that he has been the General Manager of the MBTA since a point in time, but denies all remaining allegations contained in the second sentence of Paragraph 9. Further answering, Mulhern says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 9 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them.

**FACTUAL BACKGROUND**

10. Mulhern admits the allegations contained in the first sentence of Paragraph 10 on information and belief. Mulhern lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the second sentence of Paragraph 10, and therefore denies them.

11.     Mulhern admits the allegations contained in the first two sentences of Paragraph 11. Mulhern admits the remaining allegations of paragraph 11 on information and belief.

12.     Mulhern admits that Plaintiff has taught SIDS courses for the MBTA Police Academy, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies them.

13.     Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14.     Mulhern admits that at some point in time, he learned that Officer Helder Peixoto had filed a lawsuit against the MBTA and McCall.  Further answering, Mulhern states that the first time he learned that Officer Peixoto would rely upon testimony and written evidence supplied by Plaintiff to prove his claims against the MBTA and McCall was when Mulhern received this Complaint.  Mulhern denies the remaining allegations contained in Paragraph 14.

15.     Mulhern admits that on or about October 31, 2002, the MBTA decided to cancel Plaintiff's service as an instructor at the MBTA Policy Academy to teach a SIDS course, denies that he had any awareness at the time that the plaintiff would be a witness in the Peixoto matter, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore denies them.

16.     Answering the allegations contained in the first sentence of Paragraph 16, Mulhern admits that Plaintiff did not receive the $140 in compensation that the MBTA would have paid him had he taught the SIDS course on January 2, 2003, but denies that the MBTA would have hired Plaintiff to teach additional SIDS courses.  Mulhern admits the allegations contained in the

second sentence of Paragraph 16, except to deny the characterization of the compensation as "salary". Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 16, and therefore denies them.

17. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19. Mulhern denies the allegations contained in Paragraph 19.

20. Mulhern denies the allegations contained in Paragraph 20.

21. Mulhern admits the allegations contained in the first sentence of Paragraph 21, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies them.

22. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23. Mulhern denies telling Chief Fleming not to provide Plaintiff with any reasons for the cancellation decision, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and therefore denies them.

24. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies them.

25. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies same.

27. Mulhern denies the allegations contained in Paragraph 27.

28. Mulhern denies the allegations contained in Paragraph 28.

29. Mulhern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30. The allegations contained in the first sentence of Paragraph 30 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them. Mulhern denies the allegations in the second sentence of paragraph 30.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required, but to the extent a response is required, Mulhern denies them.

32. Mulhern denies the allegations contained in paragraph 32.

33. Mulhern denies the allegations contained in Paragraph 33.

**COUNT I**    **AGAINST MBTA, MULHERN AND McCALL FOR RETALIATION IN VIOLATION OF MGL CHAPTER 151B**

34. Mulhern repeats and reasserts all responses to Paragraphs 1 through 33 as if they were stated in full herein.

35. Mulhern denies the allegations contained in Paragraph 35.

**COUNT II**    **AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC SECTION 2000e**

36. Mulhern repeats and reasserts all responses to Paragraphs 1 through 35 as if they were stated in full herein.

37. Mulhern denies the allegations contained in paragraph 37.

**COUNT III   AGAINST McCALL FOR VIOLATION OF 42 USC SECTION 1983**

38. Mulhern repeats and reasserts all responses to Paragraphs 1 through 37 as if they were stated in full herein.

39. No response is required because the Court dismissed this Count.

40. No response is required because the Court dismissed this Count.

41. No response is required because the Court dismissed this Count.

**COUNT IV   AGAINST MULHERN FOR VIOLATION OF 42 USC SECTION 1983**

42. Mulhern repeats and reasserts all responses to Paragraphs 1 through 41 as if they were stated in full herein.

43. No response is required because the Court dismissed this Count.

44. No response is required because the Court dismissed this Count.

45. No response is required because the Court dismissed this Count.

**COUNT V   AGAINST McCALL FOR VIOLATION OF MGL CHAPTER 12 SECTION 11H**

46. Mulhern repeats and reasserts all responses to Paragraphs 1 through 45 as if they were stated in full herein.

47. No response is required because the Court dismissed this Count.

48. No response is required because the Court dismissed this Count.

49. No response is required because the Court dismissed this Count.

**COUNT VI   AGAINST MULHERN FOR VIOLATION OF MGL CHAPTER 12 SECTION 11H**

50. Mulhern repeats and reasserts all responses to Paragraphs 1 through 49 as if they were stated in full herein.

51. No response is required because the Court dismissed this Count.

52. No response is required because the Court dismissed this Count.

53. No response is required because the Court dismissed this Count.

**COUNT VII AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**

54. Mulhern repeats and reasserts all responses to Paragraphs 1 through 53 as if they were stated in full herein.

55. Mulhern denies the allegations contained in Paragraph 55.

**COUNT VIII AGAINST [McCALL] FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS[1]**

56. Mulhern repeats and reasserts all responses to Paragraphs 1 through 55 as if they were stated in full herein.

57. The allegations contained in Paragraph 57 are not directed to Mulhern, and no response is therefore appropriate from him.

**COUNT IX AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

58. Mulhern repeats and reasserts all responses to Paragraphs 1 through 57 as if they were stated in full herein.

59. Mulhern denies the allegations contained in Paragraph 59.

**COUNT X AGAINST McCALL FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

60. Mulhern repeats and reasserts all responses to Paragraphs 1 through 59 as if they were stated in full herein.

61. The allegations contained in Paragraph 61 are not directed to Mulhern, and no response is therefore appropriate from him.

---

[1] Although Count VIII is entitled "Against Mulhern for Intentional Interference with Contractual Relationships", Mulhern assumes that Plaintiff intended this Count to apply as to McCall and responds to this Count accordingly.

**COUNT XI   AGAINST THE MBTA FOR VIOLATION OF MGL CHAPTER 93A**

62. Mulhern repeats and reasserts all responses to Paragraphs 1 through 61 as if they were stated in full herein.

63. The allegations contained in Paragraph 63 relate to conclusions of law to which no response is required, but, to the extent that a response is deemed necessary, the allegations are denied.

64. The allegations contained in Paragraph 64 relate to conclusions of law to which to response is required, but, to the extent that a response is deemed necessary, the allegations are denied..

**SECOND DEFENSE**

65. The Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**THIRD DEFENSE**

66. Plaintiff was not an "employee" under M.G.L. Chapter 151B.

**FOURTH DEFENSE**

67. Plaintiff cannot demonstrate or properly allege actual malice sufficient to state a claim that Mulhern interfered with contractual or business relations.

## **OTHER DEFENSES**

Mulhern reserves the right to assert other defenses based on information learned during discovery.

                                       MICHAEL MULHERN

                                       By his attorneys,

                                       s/ Joan A. Lukey
                                       Joan A. Lukey (BBO #307340)
                                       Gregory M. Reiser (BBO # pending)
                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                       60 State Street
                                       Boston, MA  02109
                                       Telephone:  (617) 526-6000
                                       Facsimile:  (617) 526-5000

Date:   January 26, 2005

## CERTIFICATE OF SERVICE

    I, Joan A. Lukey, Esq., hereby certify that on this 26th day of January, 2005, I caused a true copy of the above document to be served upon Mitchell J. Notis, counsel for the plaintiff, 370 Washington Street, Brookline, MA 02445 by hand delivery, and upon Mary M. Logalbo, counsel for defendant Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974 by facsimile and first class mail.

                                              s/ Joan A. Lukey
                                              Joan A. Lukey

US1DOCS 4937214v1