UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
THOMAS J. O'LOUGHLIN,               )
                                    )
             Plaintiff              )
                                    )
v.                                  )
                                    )   C.A. No. 04-10257 MEL
MASSACHUSETTS BAY                   )
TRANSPORTATION AUTHORITY            )
and                                 )
ANNE McCALL                         )
and                                 )
MICHAEL MULHERN,                    )
                                    )
             Defendant              )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Defendant Massachusetts Bay Transportation Authority ("MBTA") responds to the Complaint filed by Plaintiff Thomas J. O'Loughlin ("Plaintiff"), as follows:

### FIRST DEFENSE

**INTRODUCTION**

1.  The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them. MBTA admits that Plaintiff asserts the claims listed in the second sentence of Paragraph 1 but denies that these claims have merit and further states that the Court dismissed some of these claims in its order dated December 22, 2004.  MBTA admits the allegations contained in the third sentence of Paragraph 1.  MBTA admits that Plaintiff had previously taught a course about Sudden Infant Death Syndrome ("SIDS") but denies the remaining allegations contained in the fourth sentence of Paragraph 1.  MBTA admits the allegations contained in the fifth sentence of

Paragraph 1, but says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. MBTA admits the allegations contained in the sixth sentence of Paragraph 1. MBTA denies the allegations contained in the seventh and eighth sentences of Paragraph 1.

**JURISDICTION AND VENUE**

2.  The allegations contained in Paragraph 2 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them. Further answering, MBTA says that it has challenged supplemental jurisdiction in a Motion to Dismiss, but that the Court has rejected that argument at this point in the proceedings.

3.  In response to the allegations contained in Paragraph 3, MBTA admits that venue is proper in this district. MBTA denies that any illegal actions occurred in Suffolk County, or elsewhere.

4.  MBTA admits that Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission on or about April 17, 2003, but denies the remaining allegations contained in Paragraph 4.

5.  MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

**THE PARTIES**

6.  MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies them.

7.  Answering Paragraph 7, MBTA admits that it an authority of the Commonwealth of Massachusetts, established by Massachusetts G.L. c. 161A, §2, and that its administrative offices are located in Boston, Suffolk County, Massachusetts. The remaining allegations contained in

Paragraph 7 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them. Further answering, MBTA says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous.

8.   MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8, and therefore denies them. MBTA admits that Defendant Anne McCall ("McCall") has been a Deputy Chief of the MBTA Police Department since a point in time and states that McCall reported to Plaintiff while Plaintiff was Chief of the MBTA Police Department, but denies all remaining allegations contained in the second sentence of Paragraph 8. Further answering, MBTA says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 8 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them.

9.   MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 9, and therefore denies them. MBTA admits that Defendant Michael Mulhern ("Mulhern") has been the General Manager of the MBTA since a point in time, but denies all remaining allegations contained in the second sentence of Paragraph 9. Further answering, MBTA says that the phrase "at all times relevant to this Complaint" is undefined, and is therefore vague and ambiguous. The allegations contained in the third sentence of Paragraph 9 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them.

**FACTUAL BACKGROUND**

10.  MBTA admits the allegations contained in the first sentence of Paragraph 10 on information and belief. MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 10, and therefore

denies them.

11.   MBTA admits that Plaintiff resigned his position as the MBTA Chief of Police in or about August of 2002, with an agreement that he would continue to be carried as an employee of MBTA until October of 2002.  MBTA also admits that Plaintiff was scheduled at some point during his employ by MBTA to serve as an instructor of SIDS Training at the MBTA Police Academy in January of 2003, at the behest of the Commander of the MBTA Police Academy.  MBTA lacks knowledge or information sufficient to form a belief as the to the truth of the remaining allegations contained in Paragraph 11, and therefore denies them.

12.   MBTA admits that Plaintiff has taught SIDS courses for the MBTA Police Academy, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies them.

13.   MBTA admits that in or about 2001 Plaintiff provided the MBTA Office of Organizational Diversity with correspondence regarding McCall and Officer Helder Peixoto, but says that the correspondence speaks for itself and denies the characterization of same.  MBTA denies the remaining allegations contained in Paragraph 13.

14.   MBTA admits that on or around October 29, 2002, counsel for MBTA received a letter from Officer Peixoto's counsel regarding Officer Peixoto's claims against MBTA and McCall, but MBTA denies Plaintiff's characterization of this letter and states that such letter speaks for itself.  MBTA denies the remaining allegations contained in Paragraph 14.

15.   MBTA admits that on or about October 31, 2002, the MBTA decided to cancel Plaintiff's service as an instructor at the MBTA Policy Academy to teach a SIDS course, but denies that it had any awareness at the time that Plaintiff would be a witness in the Peixoto matter.  MBTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 15, and therefore denies them.

16.     Answering the allegations contained in the first sentence of Paragraph 16, MBTA admits that Plaintiff did not receive the $140 in compensation that the MBTA would have paid him had he taught the SIDS course on January 2, 2003, but denies that the MBTA would have hired Plaintiff to teach additional SIDS courses.  MBTA admits the allegations contained in the second sentence of Paragraph 16, except to deny the characterization of the compensation as "salary".  MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 16, and therefore denies them.

17.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies them.

20.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies them.

21.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies them.

24.     MBTA lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 24, and therefore denies them.

25. MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26. MBTA admits that the plaintiff has not taught the referenced course at the MBTA Police Academy during the time period at issue, but remaining denies the allegations contained in Paragraph 26.

27. MBTA denies the allegations contained in Paragraph 27.

28. MBTA denies the allegations contained in Paragraph 28.

29. MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30. The allegations contained in the first sentence of Paragraph 30 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them. MBTA denies the allegations in the second sentence of Paragraph 30.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required, but to the extent a response is required, MBTA denies them.

32. MBTA denies the allegations contained in Paragraph 32.

33. MBTA denies the allegations contained in Paragraph 33.

**COUNT I    AGAINST MBTA, MULHERN AND McCALL FOR RETALIATION IN VIOLATION OF MGL CHAPTER 151B**

34. MBTA repeats and reasserts all responses to Paragraphs 1 through 33 as if they were stated in full herein.

35. MBTA denies the allegations contained in Paragraph 35 as they pertain to MBTA.

**COUNT II    AGAINST MBTA FOR RETALIATION IN VIOLATION OF 42 USC SECTION 2000e**

36.    MBTA repeats and reasserts all responses to Paragraphs 1 through 35 as if they were stated in full herein.

37.    MBTA denies the allegations contained in Paragraph 37.

**COUNT III    AGAINST McCALL FOR VIOLATION OF 42 USC SECTION 1983**

38.    MBTA repeats and reasserts all responses to Paragraphs 1 through 37 as if they were stated in full herein.

39.    No response is required because the Court dismissed this Count.

40.    No response is required because the Court dismissed this Count.

41.    No response is required because the Court dismissed this Count.

**COUNT IV    AGAINST MULHERN FOR VIOLATION OF 42 USC SECTION 1983**

42.    MBTA repeats and reasserts all responses to Paragraphs 1 through 41 as if they were stated in full herein.

43.    No response is required because the Court dismissed this Count.

44.    No response is required because the Court dismissed this Count.

45.    No response is required because the Court dismissed this Count.

**COUNT V    AGAINST McCALL FOR VIOLATION OF MGL CHAPTER 12 SECTION 11H**

46.    MBTA repeats and reasserts all responses to Paragraphs 1 through 45 as if they were stated in full herein.

47.    No response is required because the Court dismissed this Count.

48.    No response is required because the Court dismissed this Count.

49.    No response is required because the Court dismissed this Count.

**COUNT VI    AGAINST MULHERN FOR VIOLATION OF MGL CHAPTER 12
                    SECTION 11H**

50.     MBTA repeats and reasserts all responses to Paragraphs 1 through 49 as if they were

stated in full herein.

51.     No response is required because the Court dismissed this Count.

52.     No response is required because the Court dismissed this Count.

53.     No response is required because the Court dismissed this Count.

**COUNT VII   AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH
                    CONTRACTUAL RELATIONSHIPS**

54.     MBTA repeats and reasserts all responses to Paragraphs 1 through 53 as if they were

stated in full herein.

55.     The allegations contained in Paragraph 55 are not directed towards MBTA and are denied

on that basis.

**COUNT VIII  AGAINST [McCALL] FOR INTENTIONAL INTERFERENCE WITH
                    CONTRACTUAL RELATIONSHIPS[1]**

56.     MBTA repeats and reasserts all responses to Paragraphs 1 through 55 as if they were

stated in full herein.

57.     The allegations contained in Paragraph 57 are not directed towards MBTA and are denied

on that basis.

**COUNT IX    AGAINST MULHERN FOR INTENTIONAL INTERFERENCE WITH
                    ADVANTAGEOUS RELATIONSHIPS**

58.     MBTA repeats and reasserts all responses to Paragraphs 1 through 57 as if they were

stated in full herein.

59.     The allegations contained in Paragraph 59 are not directed towards MBTA and are denied

---

[1] Although Count VIII is entitled "Against Mulhern for Intentional Interference with Contractual Relationships", MBTA assumes that Plaintiff intended this Count to apply as to McCall and responds to this Count accordingly.

on that basis.

**COUNT X**     **AGAINST McCALL FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

60. MBTA repeats and reasserts all responses to Paragraphs 1 through 59 as if they were stated in full herein.

61. The allegations contained in Paragraph 61 are not directed towards MBTA and are denied on that basis.

**COUNT XI**     **AGAINST THE MBTA FOR VIOLATION OF MGL CHAPTER 93A**

62. MBTA repeats and reasserts all responses to Paragraphs 1 through 61 as if they were stated in full herein.

63. The allegations contained in Paragraph 63 relate to conclusions of law to which no response is required, but, to the extent that a response is deemed necessary, the allegations are denied.

64. The allegations contained in Paragraph 64 relate to conclusions of law to which to response is required, but, to the extent that a response is deemed necessary, the allegations are denied.

**SECOND DEFENSE**

65. The Complaint fails to state a claim upon which relief can be granted, and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**THIRD DEFENSE**

66. Plaintiff was not an "employee" under M.G.L. Chapter 151B.

**FOURTH DEFENSE**

67. Plaintiff cannot recover punitive damages against MBTA because it is considered a municipality.

9

**OTHER DEFENSES**

MBTA reserves the right to assert other defenses based on information learned during discovery.

**JURY DEMAND**

MBTA requests a trial by jury on all counts of Plaintiff's Complaint so triable.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

By its attorneys,

s/ Joan A. Lukey
Joan A. Lukey (BBO #307340)
Gregory M. Reiser (BBO # pending)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Date:  July 1, 2005

## CERTIFICATE OF SERVICE

I, Joan A. Lukey, Esq., hereby certify that on this 1st day of July, 2005, I caused a true copy of the above document to be served upon Mitchell J. Notis, counsel for the plaintiff, 370 Washington Street, Brookline, MA, 02445 by electronic means.

s/ Joan A. Lukey<br>
Joan A. Lukey