UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS J. O'LOUGHLIN,<br><br>    Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and<br>ANNE McCALL<br>and<br>MICHAEL MULHERN,<br><br>    Defendant | C.A. No. 04-10257 MEL |

**DEFENDANTS' MOTION FOR LEAVE TO PERFORM
RULE 34 INSPECTION OF PLAINTIFF'S WORK COMPUTER,
AND TO IDENTIFY ADDITIONAL EXPERT REGARDING
RESULTS OF INSPECTION**

The defendants request leave to reopen discovery, for the limited and specific purpose of performing a forensic examination on the computer used by the plaintiff Thomas O'Loughlin at the Milford Police Department between September of 2002 when he joined that department and September of 2004, bearing IP address 216.129.135.58. The defendants do not request the extension of deadlines in connection with this forensic review, which can be accomplished in approximately one week from the date of production of the computer. If the inspection is permitted to proceed, the defendants further request leave to identify as an additional expert the forensic expert who performs the inspection.

As grounds for this motion, the defendants say the following:

(1) In the first half of 2003, when Joseph Carter had just assumed the position of Chief of the MBTA Police Department as successor to the plaintiff who had become the Chief of the Milford Police Department, the MBTA Police undertook an investigation into the source of a steady stream of emails to badtransit.com, a blog within The Boston Globe's on-line version, boston.com.  True and accurate printed copies of these emails, with notes relating to the investigation redacted, are attached hereto as Exh. A.  This investigation was precipitated by the fact that the postings, which were perceived as libelous or potentially so, were purportedly authored by one or more MBTA police officer(s) using various screen names.  An issue also arose as to whether criminal fraud was being committed when certain postings were falsely signed with the name of an MBTA police captain who denied being the author.

(2) The assistance of the State Police was enlisted by the MBTA Police for aspects of the criminal investigation.

(3) The investigators were able to determine that the postings were all coming from the same computer at the Milford Police Department.  While suspicions were strong within the MBTA Police Department leadership that the postings were being made by former MBTA Police Chief O'Loughlin, the State Police closed the investigation without the filing of criminal charges.

(4) Chief Carter was aware of the investigation and of the suspicions regarding Chief O'Loughlin, at the time that the post-January 2003 decisions were made not to invite Chief O'Loughlin back to teach the SIDS class at the MBTA Police Academy.[1]  As such, the information to be derived from this computer bears directly on

---

[1] Michael Mulhern, then General Manger, made the initial determination not to permit Chief O'Loughlin to teach this course at the MBTA Police Academy.

the plaintiff's contention that the MBTA's refusal to allow him to return to the Police Academy after January of 2003, as well as the refusal before January of 2003, were retaliatory.

(5)    On Friday, September 21 and Saturday, September 22, defendants, particularly Michael Mulhern,[2] learned for the first time that the libelous emails to badtransit.com were coming directly from Thomas O'Loughlin's computer at the Milford Police Department.  This knowledge was derived as a result of a comparison of the IP addresses on emails known to have been authored by Chief O'Loughlin over his own name sent or copied to MBTA employees, and those sent to badtransit.com over screen names or another officer's name. The IP address, 216.129.135.58, is the same on both sets of emails.  Although IP addresses are not visible on the face of emails, they can be derived with appropriate expertise by extracting metadata from "behind" the emails.

(6)    Because this determination was made through the efforts of the MBTA Police Department and counsel, a jury might consider it to be biased.  Defendants therefore wish to retain a forensic IT expert to perform a R. 34 examination of (a) all emails sent from Chief O'Loughlin's work computer to badtransit.com; (b) all emails sent from Chief O'Loughlin's work computer using the same screen names as those used on the emails to badtransit.com; (c) all emails from Chief O'Loughlin's work computer sent or copied to MBTA employees in order to verify the IP address as set forth above; and (d) all memos or e-documents constituting the diary/log maintained by Chief O'Loughlin

---

[2]    While an argument could be made that the information was within the hands of the MBTA Police Department from which they could or should have gleaned this critical piece of information, no such knowledge can be imputed to former General Manager Mulhern

and produced in this litigation, including such metadata and information as is necessary to determine when edits were made to the diary/log, and the nature of all such edits.[3]

(7) The defendants have informed Milford Town Counsel, Gerald M. Moody of their willingness to work with him in ensuring that the forensic IT review does not impinge on any non-public police information.

**Defendants request leave to provide this motion, with Exhibit A, to Town Counsel.** The plaintiff opposes this motion.

Wherefore, the defendants respectfully pray that discovery be reopened to permit a R. 34 forensic inspection of the Milford Police Department computer with IP address 216.129.135.58 by an IT expert witness to be retained by the defendants, and, if the inspection is allowed, that the defendants be permitted to identify the forensic reviewer as an expert witness.

        MBTA, ANNE MCCALL
        MICHAEL MULHERN

        By their attorneys,

        /s/ Joan A. Lukey
        Joan A. Lukey (BBO #307340)
        Gregory M. Reiser (BBO #662284)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA  02109
        Telephone:  (617) 526-6000
        Facsimile:  (617) 526-5000

Date:   September 26, 2007

---

[3] Because of the use of the work computer as described herein, the defendants now believe that the plaintiff may have maintained and altered the diary/log at work, rather than on his handheld or home computers.