UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS J. O'LOUGHLIN,<br><br>        Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and<br>ANNE McCALL<br>and<br>MICHAEL MULHERN,<br><br>        Defendants | C.A. No. 04-10257 PBS |

## DEFENDANTS' MOTION TO BE EXCUSED FROM MEDIATION AND TO SEVER THIS MATTER FOR TRIAL PURPOSES FROM AN UNRELATED LAWSUIT

Defendants request leave to be excused from the mediation currently scheduled for October 25, 2007 and to sever this matter for trial purposes from an unrelated lawsuit entitled *Riccobene v. Massachusetts Bay Transportation* Authority *et al.,* Docket No. 04-10256 (the "Riccobene Matter"). Although Plaintiff disagrees with some of the statements of fact and law set forth in this motion, he will not be filing an opposition to this motion.

As grounds for the portion of this motion relating to the request to be excused from mediation, Defendants say the following:

    (1)    On September 26, 2007, Defendants filed a Motion for Leave to Perform a Rule 34 Inspection of Plaintiff's Work Computer, and to Identify Additional Expert Regarding Results of Inspection.

(2) Defendants filed that motion in response to learning, on or about Friday, September 21, that Plaintiff had authored certain emails posted on badtransit.com, a blog within The Boston Globe's online version at www.boston.com. These emails were highly critical of Defendant Massachusetts Bay Transportation Authority ("MBTA"), and highly critical and probably libelous with regard to Defendant Michael Mulhern ("Mulhern"). Mulhern currently contemplates asserting a claim in a separate action against Plaintiff for libel, and is no longer prepared to settle the captioned litigation in a manner that involves the payment of any money whatsoever to Plaintiff Thomas O'Loughlin or his counsel. The MBTA generally will not settle a matter unless it is settled in its entirety. Any effort to undertake mediation after the discovery of these derogatory emails would therefore be futile. In short, because of the emails, the MBTA and Mulhern are now unable to engage in an amicable and productive mediation with Plaintiff regarding this matter.

With regard to the portion of the Motion requesting severance of this matter from the Riccobene Matter, Defendants say the following:

(1) The emails referenced above, which relate to aspects of both liability and damages in this matter, magnify the existing differences between this matter and the Riccobene Matter. They therefore further call into question the continued propriety of the Court's unilateral *sua sponte* decision to consolidate these matters for trial.

(2) This matter relates to Thomas O'Loughlin's claim that he was the victim of retaliation when the MBTA deprived him of the opportunity to teach a SIDS course at the MBTA Police Academy, as a result of his support for a patrolman named Helder Peixoto. Defendants' counsel in this matter is unaware of the details of the Riccobene

Matter, except that she is aware that it is a discrimination and retaliation case against the MBTA and Defendant Anne McCall ("McCall") involving Ms. Riccobene's support for Mr. Peixoto but completely unrelated to the MBTA's decision not to allow the Plaintiff in this matter, Thomas O'Loughlin, to teach at the Police Academy.

(3) Defendants further request that this matter and the Riccobene Matter be severed for trial purposes because two law firms (this firm and Prince Lobel Glovsky & Tye LLP) have been separately representing the MBTA and McCall and presumably will continue to do so at trial. In addition to the logistical problems that will be imposed on the lawyers which will hamper their efforts to zealously represent their clients at trial, the MBTA will be forced to incur the extra cost of paying two law firms to prepare for and conduct a single trial (including paying for the attendance of two law firms during the examinations of witnesses germane to only one of the matters).

Wherefore, Defendants respectfully pray that they be excused from mediation and that this matter be severed from the Riccobene Matter for trial purposes.

                        MBTA, ANNE MCCALL,
                        MICHAEL MULHERN

                        By their attorneys,

                        /s/ Joan A. Lukey_____
                        Joan A. Lukey (BBO #307340)
                        (joan.lukey@wilmerhale.com)
                        Gregory M. Reiser (BBO #662284)
                        (gregory.reiser@wilmerhale.com)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        60 State Street
                        Boston, MA 02109
                        Telephone: (617) 526-6000
                        Facsimile: (617) 526-5000

Date: October 9, 2007

- 4 -

## CERTIFICATE OF SERVICE

    I, Gregory M. Reiser, attorney for Defendants, hereby certify that on this 9th day of October, 2007, I caused to be served by electronic means a true copy of the above document upon Mitchell J. Notis, counsel for the Plaintiff, at 370 Washington Street, Brookline, MA, 02445.

                                                  /s/Gregory M. Reiser
                                                  Gregory M. Reiser