UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS J. O'LOUGHLIN,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and ANNE McCALL and MICHAEL MULHERN<br><br>　　　　Defendants | C.A. No. 04-10257-PBS |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), Defendants Massachusetts Bay Transportation Authority ("MBTA"), Anne McCall ("McCall") and Michael Mulhern ("Mulhern") move for Summary Judgment on Plaintiff Thomas J. O'Loughlin's ("Plaintiff's") remaining claims against them.[1]  Count I is a claim against the MBTA, McCall and Mulhern for retaliation in violation of M.G.L. c. 151B.  Count II is a claim against the MBTA for retaliation in violation of 42 U.S.C. § 2000e.  Counts VII and VIII are claims against Mulhern and McCall, respectively, for intentional interference with contractual relationships.  Counts IX and X are claims against Mulhern and McCall, respectively, for intentional interference with advantageous relationships.  Count XI is a claim against the MBTA for violation of M.G.L. c. 93A.

Plaintiff's retaliation claims fail because Plaintiff has demonstrated no causal link between his protected conduct and the challenged adverse employment decision.  Plaintiff's tortious interference claims fail because Plaintiff has proven neither the existence of a contract or

---

[1] On December 22, 2004, the Court dismissed Counts III-VI.

advantageous relationship nor that McCall and Mulhern acted with actual malice. Plaintiff's M.G.L. c. 93A claim fails because the MBTA is not a "person" who can be liable under that provision when acting pursuant to legislative mandate, nor was the teaching of the Sudden Infant Death Syndrome class at the MBTA Police Academy in trade or commerce.

Defendants incorporate by reference the Memorandum of Law filed herewith.

WHEREFORE for the aforementioned reasons and those stated in Defendants' accompanying memorandum of law, as supported by Defendants' Statement of Undisputed Material Facts, also filed herewith, Defendants respectfully request that the Court enter an order:

1. Allowing Defendants' Motion for Summary Judgment on Counts I, II, VII, VIII, IX and X of Plaintiff's Complaint;

2. Entering final judgment in favor of Defendants; and

3. Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, ANNE MCCALL, MICHAEL MULHERN

By their attorneys,

/s/ Gregory M. Reiser
Joan A. Lukey (BBO #307340)
joan.lukey@wilmerhale.com
Gregory M. Reiser (BBO #662284)
gregory.reiser@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Dated:  October 22, 2007

- 3 -

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

      I hereby certify that on October 22, 2007, I contacted Mitchell J. Notis, Esq., counsel for the plaintiff, in an attempt to, in good faith, narrow or resolve the issues raised by the instant motion and that I advised Mr. Notis of the probability that Mr. Mulhern would file the instant motion.

                                         /s/ Gregory M. Reiser
                                         Gregory M. Reiser

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2007, I caused a true and accurate copy of the above document to be served via the Court's electronic docketing system upon Mitchell J. Notis, Esq., Law Office Of Mitchell J. Notis, 370 Washington Street, Brookline, MA 02446.

      /s/ Gregory M. Reiser
      Gregory M. Reiser

US1DOCS 6406998v1